[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2009
THOMAS K. KAHN
CLERK

No. 08-15797
Non-Argument Calendar

_____

Agency No. A098-564-340

MU SHUI LI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 8, 2009)

Before BIRCH, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Mu Shui Li, a native and citizen of China, seeks review of the Board of

Immigration Appeals' ("BIA") order denying asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture ("CAT"). In his petition, Li challenges the adverse credibility finding of the Immigration Judge ("IJ") and the BIA. Based on our review of the record, we AFFIRM the BIA's decision and DENY the petition for review.

## I. BACKGROUND

Li was served with a notice to appear charging him with removability after he attempted to enter the United States on 7 April 2005 without a valid entry document. Li conceded removability and applied for asylum, withholding of removal, and CAT relief. At the administrative hearing, Li claimed he was persecuted by the Chinese government because he sold Falun Gong books. Specifically, Li testified that the police had tried to arrest him for selling the illegal materials. According to Li, the police arrested his partner, destroyed his store furnishings, and closed down his bookstore. The IJ denied his application for lack of credibility and failure of proof.

The BIA adopted and affirmed the IJ's opinion with some additions. In upholding the IJ's adverse credibility finding, the BIA emphasized the following: (1) the discrepancies between Li's testimony, airport interview, and credible fear interview; (2) his failure to provide corroborating evidence; (3) his conflicting

2

statements on why he sold Falun Gong materials; (4) his conflicting statements that he supported Falun Gong but had no idea what its followers believed in; and (5) his failure to submit letters, affidavits, or other documentation regarding his ownership of the bookstore and involvement in Falun Gong. The BIA concluded, "Without credible testimony the respondent did not meet his burden of proof . . . for asylum, withholding of removal or protection under the CAT." Administrative Record ("AR") at 2.

In his petition for review, Li argues that the BIA erred in affirming the IJ's adverse credibility finding because it was not based on specific, cogent reasons or supported by substantial evidence. Li asserts that he gave consistent answers, the IJ failed to consider all the evidence, and the IJ should not have relied on the defective airport interview. Li also contends that his testimony established that he had a well-founded fear of future persecution based on his imputed political opinion.

## II. DISCUSSION

We review the decisions of both the IJ and the BIA because the BIA expressly adopted and affirmed the IJ's decision with a few additions. See Savoury v. U.S. Att'y Gen., 449 F.3d 1307, 1312 (11th Cir. 2006). We review the administrative agency's factual determinations under the substantial evidence test, and must affirm if the decisions are "supported by reasonable, substantial, and

probative evidence on the record considered as a whole." Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1289 (11th Cir. 2006) (per curiam). Under the substantial evidence test, we view the evidence and make all reasonable inferences in favor of the agency's decision. See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006) (per curiam). We cannot reverse factual findings unless the record compels it; "the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Id. (quotation marks and citation omitted).

A credibility determination is a factual finding reviewed under the substantial evidence test. See id. In making a credibility finding, the trier of fact should consider all the circumstances, including the "demeanor, candor, or responsiveness of the applicant," and the consistency between the applicant's written and oral statements. 8 U.S.C. § 1158(b)(1)(B)(iii). An alien's testimony need not be corroborated if credible. See Ruiz, 440 F.3d at 1255. "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application" where the applicant does not produce evidence other than his own testimony. Id. (quotation marks and citation omitted). The applicant bears the burden of showing that an adverse credibility finding is not supported by "specific, cogent reasons, or was not based on substantial evidence." Id. (quotation marks, alterations, and citation omitted).

4

The evidence substantially supports the adverse credibility determination in this case. The IJ and BIA enumerated several inconsistencies and omissions concerning Li's present claim for asylum. For example, Li testified at the asylum hearing that the Chinese government persecuted him by trying to arrest him for selling Falun Gong literature in a bookstore he owned. During his airport interview on the day of arrival, however, Li never mentioned owning a bookstore or selling Falun Gong materials. When asked what his occupation was, Li stated only that he worked in a restaurant. Furthermore, in his asylum application, Li stated that he was the owner/manager of a bookstore beginning in August 2004. Yet Li testified at the hearing that he opened the bookstore in December 2004, and then illogically stated that he helped sell books at the same store beginning in July 2004.

Another glaring inconsistency was Li's espoused belief in Falun Gong and his reason for selling the books. At the asylum hearing, Li testified that he believed in Falun Gong because he accepted Falun Gong's theory that people should be "good" and "nice." AR at 89. Li also claimed that he primarily sold the books to support his friends who were Falun Gong followers. This testimony directly conflicted with Li's statements at his credible fear interview. Li admitted at that time that "I don't know what Falun Gong is. I don't know what Falun Gong followers believe in." Id. at 110-111. Li also stated at his credible fear interview

5

that he agreed to sell the Falun Gong books and fliers provided by his store partner because he wanted to "make money." Id. at 110.

The IJ also based his credibility determination on Li's hesitation and incomplete answers when asked to explain his conflicting statements. An applicant's demeanor and responsiveness are valid considerations in assessing credibility. See 8 U.S.C. § 1158(b)(1)(B)(iii). Given the numerous problems with Li's testimony, his failure to provide any corroborating evidence that he owned a bookstore or sold Falun Gong fliers further undermined his claim of asylum. Li testified that the police had confiscated all his personal documents. As the IJ noted, however, there was no evidence that Li could not have obtained other forms of documentation from his parents or wife, who still live in China. With no evidence besides his discredited testimony, the IJ and BIA correctly concluded that Li failed to show that he was entitled to asylum. See Ruiz, 440 F.3d at 1255.

None of Li's arguments challenging the IJ's credibility determination have merit. Li contends that his asylum application's statement that he owned/managed a bookstore beginning in August 2004 was consistent with his hearing testimony that he was initially the manager of the store in August 2004 and later became the partner and owner in December 2004. Our review of the hearing transcript reveals no such testimony, however. Li also misstates the record by asserting that the IJ erred in using Li's airport interview as the sole indicator of Li's credibility. The

6

IJ's order expressly based the decision on consideration of all the exhibits entered into evidence, which included Li's asylum application, the credible fear interview, the airport interview, and the 2005 country report for China. The BIA likewise found that the IJ's credibility determination was supported by the IJ's finding of discrepancies between Li's testimony at the asylum hearing, his airport statement, and his credible fear interview.

Equally baseless is Li's contention that the airport customs officer was vague and imprecise when questioning Li about his occupation. The officer simply asked Li, "What is your occupation?" to which Li answered, "I worked in the restaurant." AR 114. Li never mentioned anything about working in a bookstore even though that purportedly was his most recent occupation for the past several months. In any event, Li had the opportunity to clarify his answer at the asylum hearing. He testified at the hearing that he was referring to his job as a cook before he opened the bookstore. When pressed as to why he never mentioned the bookstore, however, Li responded evasively and ultimately failed to give any explanation other than, "I don't remember." Id. at 95. The IJ's rejection of this explanation is supported by Li's inconsistent answers.

Li also faults the IJ for considering his family's continued residence in China. Contrary to Li's interpretation, the IJ did not assume that Li's family had to be persecuted in order for Li to establish a well-founded fear of future persecution.

7

The fact that an applicant's family remains unharmed in the country where the applicant allegedly was persecuted may support an IJ's credibility finding as to whether an alien could avoid future persecution through relocation. See Ruiz, 440 F.3d at 1259 (affirming IJ's adverse credibility finding where alien's son and parents lived unharmed in same Colombian region).

Finally, Li asserts that the IJ erroneously focused on whether Li sold the books to make money or to support his Falun Gong beliefs. According to Li, his motive for selling the books was irrelevant because the Chinese government treats distributors of Falun Gong materials the same as practitioners. The IJ and BIA considered Li's inconsistent statements on this issue as indicative of his lack of credibility, however. Thus, discussion of Li's motive was relevant to the credibility analysis.

### III. CONCLUSION

In sum, the IJ and BIA provided specific, cogent reasons for discrediting Li's testimony. The record substantially supports these reasons and thus does not compel reversal of the adverse credibility finding. Accordingly, we AFFIRM the BIA's judgment denying Li asylum. Because Li has not satisfied the less stringent standard for asylum, he cannot demonstrate eligibility for withholding of removal under the INA or CAT relief. See Zheng, 451 F.3d at 1292. We therefore AFFIRM the BIA's judgment as to those claims as well and DENY Li's petition in

8

full.

**PETITION DENIED.**